# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEREMIAH PELLANT, | ) | 3:16-cv-00284-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| ANTHONY WAYNE BLAKENSHIP, BASIN LOGISTICS, LLC, | ) | |
| Defendants. | ) | |

Plaintiff Jeremiah Pellant initiated this action on April 21, 2016, in the First Judicial District Court in and for Carson City, Nevada,. On May 26, 2016, on the basis of diversity jurisdiction, Defendants Anthony Wayne Blakenship and Basin Logistics, LLC (hereafter "Defendants") filed a notice of removal to this court (ECF No. 1).

After review of the complaint and Defendant's petition for removal, the court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case. While it appears that the parties are of diverse citizenship.[1] Defendants have not demonstrated that the amount in controversy exceeds $75,000.00.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district

---

[1] Plaintiff is a citizen of Nevada, Defendant Blakenship us a resident of the State of Oregon and Defendant Basin Logistics, LLC, is a foreign corporation incorporated in the State of Oregon whose principal place of business is outside of the State of Nevada.

courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

However, 28 U.S.C. § 1447(c) also provides that "[i]f . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. Normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id.*

However, if the plaintiff does not claim a sum greater than the jurisdictional requirement, the defendant cannot meet its burden by merely alleging that the amount in controversy is met: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . ." *Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis omitted).

In some cases, it may be "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). However, "[w]hen the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

Here, in arguing that the amount in controversy requirement has been satisfied, Defendants rely solely on the allegations in the complaint. However, the court finds that it is not facially apparent from the complaint that more than $75,000 is in controversy. Based on the allegations in the complaint, the amount in controversy could also be less than the jurisdictional threshold. Accordingly, jurisdiction has not been established to the satisfaction of the court.

The court will provide Defendants additional time to present "summary-judgment-type evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.

IT IS THEREFORE ORDERED that Defendants are granted thirty (30) days from the entry of this order to establish the minimum amount in controversy for federal jurisdiction. If Plaintiff elects to do so, Plaintiff is granted ten (10) days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED: August 25, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE